IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY L. McCALL and | ) | |
| VANIES D. McCALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-080-WKW-WC |
| | ) | |
| JOHNNY HARDWICK, Circuit Judge | ) | |
| of the 15th Judicial Circuit of Alabama, | ) | |
| and MORTGAGE DEPOT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

On February 5, 2016, Plaintiffs filed this 42 U.S.C. § 1983 suit purporting to allege violations of their constitutional rights. On February 10, 2016, the District Judge entered an Order (Doc. 6) referring the case to the undersigned Magistrate Judge for "all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Because Plaintiffs have requested leave to proceed *in forma pauperis*, *see* Mots. (Docs. 2, 3), the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned concludes that Plaintiffs have failed to state any claim upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiffs' complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (remarking, a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiffs' complaint "'must contain sufficient factual matter, accepted

as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are merely consistent with a defendant's liability, however, are not facially plausible."  *Id.* (internal quotations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).   Accordingly, Plaintiffs' complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).  As set out below, the undersigned concludes that Plaintiffs' complaint fails to withstand such scrutiny.

In view of these general principles, the undersigned turns to the instant complaint. Plaintiffs' complaint concerns a state court case in which Defendant Mortgage Depot was the plaintiff and over which Defendant Hardwick was the presiding judge.  Compl. (Doc. 1) ¶¶ 7, 9.  Mortgage Deport sued Plaintiffs over their nonpayment of mortgage debt.  *Id.*

Judge Hardwick granted Mortgage Depot's motion for summary judgment over Plaintiffs' objection and entered an order allowing a judicial foreclosure sale of the property. *Id.* ¶¶ 10, 12. Plaintiffs appealed Judge Hardwick's decision to the Alabama Court of Civil Appeals.[1]

Plaintiffs allege that Judge Hardwick was biased against them and that he deprived them of rights secured by the First, Ninth, and Fourteenth Amendments—namely, their rights to "free speech, free association, substantive due process, procedural due process, and equal protection"—"by not affording them a fair civil trial when he treated them rudely, and did not allow Plaintiffs to present a defense to the claim brought against them[.]" *Id.* ¶ 20. Plaintiffs appear to seek injunctive relief in the form of a federal court stay of Judge Hardwick's Order granting summary judgment and allowing a foreclosure sale of the property at issue in the state court litigation. *Id.* ¶ 24.

Upon review of Plaintiffs' complaint, the undersigned finds that, because the court lacks subject matter jurisdiction over Plaintiffs' "claims," Plaintiffs have failed to state any claim upon which relief could be granted and, therefore, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii). Plaintiffs—in seeking a federal court "stay" of a state court order which was affirmed on appeal—are plainly state-court losers seeking federal district court review of a final state-court decision. The court is without subject matter jurisdiction to preside over such a case.

---

[1] Judge Hardwick's Order was affirmed on appeal. *See McCall v. Mortgage Depot, Inc.*, Case No. 2121063 (per curiam) (Ala. Civ. App. June 19, 2015, judgment issued Oct. 16, 2015).

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)).  The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). *Rooker-Feldman's* reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment.  *Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).  The Eleventh Circuit has "advanced two scenarios where a federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would 'effectively nullify' the state court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'"  *Id*.

Here, Plaintiffs seek to "stay" a state court order on the basis of the judge's perceived bias against them.  Any finding that Judge Hardwick acted out of bias in ruling against Plaintiffs would unquestionably nullify the state court judgment.  Hence, because Plaintiffs' federal claims are "inextricably intertwined" with the state court judgment, and because Plaintiffs' state court proceedings concluded prior to bringing the instant suit, the

5

court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiffs' federal remedy for any perceived unconstitutional injury flowing from the state court judgment against them was an appeal of that judgment to the United States Supreme Court, not the filing of a complaint seeking to overturn that judgment in a United States District Court.

In any event, even if the court were able to exercise jurisdiction in this matter, Plaintiffs have nevertheless failed to state a claim upon which relief could be granted. First, as to Defendant Mortgage Depot, Plaintiffs have made no allegation respecting any conduct which could be construed as a violation of Plaintiffs' rights.  Even if Plaintiffs had made some allegation of some misconduct by Mortgage Depot, Mortgage Depot, which Plaintiffs allege "is an Alabama Domestic Corporation," Compl. (Doc. 1) ¶ 5, is not a state actor and therefore may not be held liable pursuant to § 1983.  *Harvey v. Harvey*, 949 F.2d 1127, 1130-1132 (11th Cir. 1992).

Plaintiffs have also failed to state any plausible claim for relief against Judge Hardwick.  First, as Plaintiffs' complaint makes clear that Judge Hardwick is being sued for his actions in his capacity as a state court judge, Judge Hardwick is entitled to absolute judicial immunity from any § 1983 claim seeking damages.  *See, e.g., Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006).  To the extent Plaintiffs might argue that they are seeking only injunctive relief against Judge Hardwick—thereby avoiding the bar imposed by judicial immunity—they have failed to request that the court enjoin Judge Hardwick from doing anything.  Rather, as discussed above, Plaintiffs only seek to enjoin an order entered by Judge Hardwick which has already been affirmed on appeal in the

6

state courts.  *See* Compl. (Doc. 1) at 4 (requesting, in the prayer for relief, "Issue injunctive relief commanding Defendant Hardwick's Order . . . be stayed until resolution of this case.").  Moreover, injunctive relief against a state judicial officer may be had under § 1983 only in very limited circumstances.  The statute requires that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  Plaintiffs have not pled any plausible factual allegations bringing any claim for injunctive relief against Judge Hardwick within the ambit of the statute because they have not alleged that Judge Hardwick violated a declaratory decree or that declaratory relief was unavailable to them.

Finally, Plaintiffs fail to state any claim against Judge Hardwick because their allegations against him constitute nothing more than the sort of vague, conclusory, and unsupported allegations rejected by the Supreme Court in *Twombly* and *Iqbal*.  In essence, Plaintiffs allege nothing more than that Judge Hardwick "badgered," "ridiculed," and was rude to them in court before he ruled against them.  *See* Compl. (Doc. 1) ¶ 20. From these vague allegations of Judge Hardwick's conduct, Plaintiffs claim that Judge Hardwick somehow deprived them of their First, Ninth, and Fourteenth Amendment rights, including their rights to "free speech, free association, substantive due process, procedural due process and equal protection under the law."  *Id.* ¶ 20.  Plaintiffs do not allege how any of Judge Hardwick's alleged actions could have had the effect of depriving them of the various rights to which they allude.  Certainly, it does not follow that, because Judge Hardwick was rude, or because Judge Hardwick ruled against

Plaintiffs, that he somehow deprived them of their First Amendment rights or otherwise violated their due process rights.  Plaintiffs' claims are thus comprised wholly of the sort of "labels and conclusions" which are insufficient to state a plausible claim for relief against Judge Hardwick and, accordingly, Plaintiffs have failed to state any claim against him for which relief could be granted.

For all of the reasons stated above, the undersigned concludes that this court lacks subject matter jurisdiction over the complaint in this case and that, alternatively, Plaintiffs have failed to state any claim upon which relief could be granted as to either Defendant named in the complaint.  Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiffs' complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]  Plaintiffs' motions for leave to proceed *in forma pauperis* (Docs. 2, 3) are GRANTED.  Further, it is

ORDERED that Plaintiffs are DIRECTED to file any objections to the said Recommendation **on or before March 14, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is

---

[2]     The undersigned is recommending dismissal of Plaintiffs' complaint without first asking Plaintiffs to amend their complaint.  The undersigned believes requesting such amendment would be futile because, at its heart, the complaint concerns the Plaintiffs' rejection of a state court judgment against them and the court would lack subject matter jurisdiction over any claim seeking to repudiate that judgment in federal court.  Accordingly, leave to amend Plaintiffs' complaint need not be afforded in this instance.  *See, e.g., Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.").

Furthermore, the opportunity to amend ordinarily contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal.  Plaintiffs will be permitted to file objections to the findings set forth in this Recommendation, and thus they are afforded the requisite opportunity to be heard about the deficiencies of their complaint prior to any dismissal of the complaint.

made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiffs are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 29th day of February, 2016.


/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE