IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY L. MCCALL, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:16-CV-80-WKW |
| ) | [WO] |
| JOHNNY HARDWICK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On February 29, 2016, the Magistrate Judge entered a Recommendation (Doc. # 7) that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). On March 14, 2016, Plaintiffs timely filed an Objection (Doc. # 8) to the Recommendation of the Magistrate Judge. The same day, Plaintiffs also filed a Motion for Leave to Amend Complaint and Stay Proceeding on Recommendation. (Doc. # 9.)

The Magistrate Judge recommended dismissal for several reasons. First, because Plaintiffs' federal claims are inextricably intertwined with a previous state court judgment,[1] this court is without jurisdiction to hear the instant action. *See*

---

[1] Federal claims are inextricably intertwined with state claims where (1) the success of the federal claim would effectively nullify the state court judgment, or (2) the federal claim can succeed only to the extent that the state court wrongly decided the issues. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Because Plaintiffs seek a stay of the state court order on grounds of perceived judicial bias against them in the state court proceedings, success in the instant federal action would effectively nullify the state court's judgment.

*Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923). Second, because Defendant Mortgage Depot is not a state actor, it cannot be liable under § 1983, which forms the basis of Plaintiffs' claims. *See Harvey v. Harvey*, 949 F.2d 1127, 1130–32 (11th Cir. 1992). Third, to the extent Plaintiffs seek to recover monetary damages against Defendant Hardwick, the claims are barred by absolute judicial immunity. *See, e.g., Jarallah v. Simmons*, 191 F. App'x 918, 920 (11th Cir. 2006). Fourth, to the extent Plaintiffs seek injunctive relief against Defendant Hardwick, they have not alleged any facts supporting the conclusion that Hardwick violated a declaratory decree or that declaratory relief was unavailable to them. *See* 42 U.S.C. § 1983. Fifth, the allegations regarding Hardwick's purported bias during the state court proceedings are conclusory, and thus insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Recommendation contemplated the possibility of allowing Plaintiffs to amend their complaint. The Magistrate Judge reasoned that, because the requested relief ultimately would result in nullification of an earlier state court judgment, such an amendment would be futile. Plaintiffs also availed themselves of an opportunity to address the deficiencies in their complaint when they filed objections to the Recommendation. Upon an independent review of the complaint, the Recommendation, the objections, and the motion for leave to amend the complaint,

2

Plaintiffs' objections are due to be overruled, the Recommendation is due to be adopted, and the motion for leave to amend the complaint is due to be denied.

Plaintiffs' objections to the Recommendation will be overruled. Relying on the fraud exception to the *Rooker-Feldman* doctrine, Plaintiffs contend that the court has jurisdiction to hear this action. *See In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). The Eleventh Circuit has refused, however, to adopt this fraud exception to the *Rooker-Feldman* doctrine. *See Velasquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 859 (11th Cir. 2013); *Scott v. Frankel*, 606 F. App'x 529, 532 n.4 (11th Cir. 2015).

Even if the Eleventh Circuit had recognized this exception, Plaintiffs' allegations are insufficient to support its application in this context. Plaintiffs contend that the court reporter was unable to produce the transcript from a hearing regarding the state court action. The court reporter later informed Plaintiffs that she was unable to produce a transcript from that hearing because no hearing in fact took place on the date in question. (*See* Doc. # 8-1, at 1–2.) Plaintiffs further contend that Judge Hardwick was rude during a hearing. These allegations are insufficient to support the reasonable inference that the state court judgment was procured through fraud.

Plaintiffs' motion for leave to amend the complaint will be denied. Though a *pro se* litigant should be given at least one opportunity to amend his complaint, the court need not allow an amendment where doing so would be futile. *Cornelius v.*

3

*Bank of Am., N.A.*, 585 F.3d 541, 542 (11th Cir. 2002). Plaintiffs were afforded an opportunity to file objections to the Recommendation. They were also afforded an opportunity to explain, in their motion for leave to amend the complaint, how justice requires an amendment. Neither the Objection (Doc. # 8) nor the motion for leave to amend (Doc. # 9) indicates that the complaint seeks anything other than a review of a previous state court judgment that is inextricably intertwined with the claims presented here. As noted in the Recommendation, allowing an amendment would be futile because the claims asserted in this action are barred under *Rooker-Feldman*. Even a more carefully drafted complaint could not state a claim for relief because Plaintiffs ultimately seek federal review and rejection of a final state court judgment. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

Accordingly, it is ORDERED as follows:

1. Plaintiffs' Objection to the Recommendation (Doc. # 8) is OVERRULED.

2. The Recommendation of the Magistrate Judge (Doc. # 7) is ADOPTED.

3. Plaintiff's Motion for Leave to Amend Complaint (Doc. # 9) is DENIED.

4. This case is DISMISSED without prejudice.

A separate final judgment will be entered.

DONE this 11th day of April, 2016.

                                   /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE